1  PATRICK J. FOLAN (STATE BAR #125340)
   STEVEN W. BRENNAN (STATE BAR #110256)
2  ST. JOHN, WALLACE, BRENNAN & FOLAN LLP
   21515 Hawthorne Boulevard, Suite 1120
3  Torrance, California 90503-6504
   Telephone: (310) 792-1075
4  Facsimile:  (310) 792-0635
   E-mail: pjfolan@swbf.net
5
   Attorneys for Plaintiff
6  Morgan Stanley & Co. Incorporated

7

8              UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

10

11 Morgan Stanley & Co. Incorporated,        )   CASE NO.
   a corporation,                            )
12                                           )   C 08 01209
                   Plaintiff,                )   COMPLAINT:
13                                           )
          v.                                 )   1.  **BREACH OF CONTRACT;**
14                                           )   2.  **CONVERSION OF**
   Frank Horath, an individual,              )       **MORGAN STANLEY & CO.**
15                                           )       **INCORPORATED**
                   Defendant.                )       **PROPERTY;**
16                                           )   3.  **VIOLATION OF THE**
                                             )       **CALIFORNIA UNIFORM**
17                                           )       **TRADE SECRETS ACT;**
                                             )   4.  **BREACH OF DUTY OF**
18                                           )       **LOYALTY ; and**
                                             )   5.  **UNFAIR COMPETITION**
19                                           )
                                             )
20                                           )
   _____)
21

22        Plaintiff Morgan Stanley & Co. Incorporated ("Plaintiff" or "Morgan Stanley") by

23 its attorneys, hereby brings the following Complaint for injunctive relief against defendant

24 Frank Horath ("Horath" or "Defendant") for:

25        (a)    Breach of the Account Executive Incentive Compensation Agreement

26 (Non-Trainee) Agreement that Defendant signed with Morgan Stanley during his

27 employment by Morgan Stanley;

28        (b)    Conversion of Morgan Stanley records that Defendant expressly agreed

                                             1

were the property of Morgan Stanley, that Defendant agreed to maintain as confidential, and that Defendant agreed not to provide to any other person (particularly competitors of Morgan Stanley);

(c)    Violation of the California Uniform Trade Secrets Act;

(d)    Breach of duty of loyalty that Defendant owed to Morgan Stanley during his employment and continuing thereafter; and

(e)    Unfair competition.

For its Complaint against Defendant, Morgan Stanley alleges as follows:

## Jurisdiction

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity of citizenship. Morgan Stanley is a Delaware corporation with its principal place of business in New York which transacts business in this District. Morgan Stanley is a securities broker-dealer and commodities futures commission merchant that provides a wide range of financial services to its clients. Morgan Stanley provides services to its clients through its financial advisors, who work from Morgan Stanley offices throughout the country. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.    Defendant is a citizen of the State of California residing in this District.

## Intradistrict Assignment

3.    Assignment to the San Jose division is proper because this action arose in Santa Cruz County.

## Defendant's Employment with Morgan Stanley and the Employment Agreement At Issue

4.    Horath commenced employment with Morgan Stanley in or about January 1997 and worked as a financial advisor with Morgan Stanley until February 4, 2008. Morgan Stanley DW Inc. became a successor to Dean Witter Reynolds, Inc. as of April 1, 2001 and on April 1, 2007 Morgan Stanley became a successor in interest to Morgan Stanley DW Inc. Horath's responsibilities included sales and customer service. His primary responsibility was to service Morgan Stanley customers.

2

5.    On or about January 6, 1997 Horath signed the Account Executive Incentive Compensation Agreement (Non-Trainee) (the "Agreement") with Morgan Stanley which provides, in pertinent part, as follows:[1]

> "3.    CUSTOMER LISTS AND OTHER CONFIDENTIAL INFORMATION.
>
> 3.1    All records and documents concerning the business and affairs of Dean Witter (hereinafter "Company Records"), and the right to use Company Records, are, and will always be the confidential and exclusive property of Dean Witter. Company Records include, but are not limited to, Dean Witter books and records; holding book or customer book pages; the names, addresses, telephone numbers, and assets and obligations carried in the accounts [commonly called "positions"] of Dean Witter's customers; computer software or hardware for use in computer or word processing equipment; all advanced training material forwarded to Employee during his employment including but not limited to books, papers, records, videotapes and recordings; and document or computer programs prepared or generated by the Employee by the use of Company Records. Company Records include the originals and all copies thereof. The Employee's use of Company Records will stop immediately upon the first of the following events to occur: the Employee's (1) voluntary or involuntary resignation, (2) retirement, (3) release due to a reduction in force or closing of a branch office, (4) discharge by Dean Witter, (5) suspension by Dean Witter, or (6) acceptance of full or part time employment with another firm.
>
> 3.2    The Employee, during the course of his employment with Dean Witter, will not remove Company Records from the premises of Dean Witter in either original or copied form, except in the ordinary course of conducting business for, and subject to approval by, authorized Dean Witter personnel. The Employee will immediately deliver to Dean Witter, upon acceptance of other employment, at the time of termination of employment, or at any other time upon Dean Witter's request, any Company Records in the Employee's possession or control.
>
> 3.3    The Employee will not at any time assert any claim of ownership or other property interest in any Company Records. The Employee will permit Dean Witter to inspect prior to removal any materials to be taken from Dean Witter offices when he accepts other employment or when his employment with Dean Witter is terminated.
>
> 3.4    The Employee will not disclose to any person or entity the contents, in whole or in part, of Company Records, except in the ordinary course of conducting business for Dean Witter.

---

[1] Section 10 of the Agreement expressly provides that the benefits and obligations of the Agreement will run to the successors and assigns of Dean Witter, i.e., Morgan Stanley.

3

3.5    Both during and subsequent to the course of his employment with Dean Witter, the Employee will not divulge to any person any information received during the course of his employment concerning the business of the firm and its financial affairs or any other information which may be adverse to Dean Witter's business interests.

4.    UNFAIR COMPETITION.

4.1    For a period of one year following termination of employment for any reason, and within a radius of one hundred (100) miles from the Dean Witter office to which the Employee was last assigned, the Employee will not solicit or attempt to solicit, directly or indirectly, any of Dean Witter's customers who were served by or whose names became known to the Employee while in the employ of Dean Witter with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Dean Witter or any of its affiliates is regularly engaged.

4.2    For a period of one year following termination of employment for any reason, the Employee will not, directly or indirectly, recruit or solicit any employee of Dean Witter for employment with any other organization which does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Dean Witter or any of its affiliates is engaged.

5.    RIGHT TO INJUNCTION.

In the event the Employee breaches any of the promises concerning "Customer Lists and Other Confidential Information" or "Unfair Competition" contained in Sections 3 and 4 of this Agreement, the Employee acknowledges that Dean Witter's remedy at law for damages will be inadequate and that Dean Witter will be entitled to an injunction to prevent the Employee's prospective or continuing breach and to maintain the status quo pending arbitration as provided in Section 8 of this Agreement. Dean Witter's application to a court of law for an injunction will not constitute a waiver by Dean Witter of its right to arbitration as provided in Section 8 of this Agreement. The Employee further agrees that any court of law which issues an injunction shall refer any claim for damages to arbitration as provided in Section 8 of this Agreement."

6.    Defendant was employed as a financial advisor in Morgan Stanley's branch office located in Santa Cruz, California. During the course of this employment, Morgan Stanley expended significant resources on training Defendant. In addition, the relationships between Morgan Stanley and the customers formerly serviced by Defendant were developed during Defendant's employment at great expense to Morgan Stanley. These expenditures by Morgan Stanley include the cost of advertising, salaries, and associated costs of

4

1  management and sales staff, operational and compliance systems, research and development,
2  annual registration fees, office expenses, computer services and equipment, seminars, trade
3  and other professional news publications and promotional events. Defendant's access to the
4  identities and confidential account information of all of the Morgan Stanley customers
5  whose accounts he handled, and his ability to service those Morgan Stanley accounts,
6  resulted from his employment with Morgan Stanley as well as Morgan Stanley's goodwill
7  and reputation in the securities industry.

8      7.      On February 4, 2008, Defendant resigned from Morgan Stanley without
9  advance notice and became affiliated with the Aptos branch office of Raymond James
10 Financial Services Inc. ("Raymond James").    Shortly thereafter, Defendant began a
11 solicitation campaign seeking to have Morgan Stanley customers transfer their accounts to
12 Raymond James by sending solicitation packets to Morgan Stanley customers. The
13 solicitation packets do not simply announce a change of employment from Morgan Stanley
14 to Raymond James Financial Services. Instead, they blatantly seek the transfer of Morgan
15 Stanley accounts to Raymond James. The solicitation packet included Raymond James Elite
16 Investment Account brochures, a Raymond James New Account Form, a Raymond James
17 Elite Investment Account Application, a Raymond James Elite Investment Account
18 authorized signature form, a Raymond James Client Account Transfer Instruction, a
19 Raymond James AMBASSADOR Non-Discretionary Client Agreement, a Raymond James
20 Elite Investment Account Agreement and Raymond James Client Agreement and a postage
21 paid self-addressed Raymond James envelope. The brochures instruct Morgan Stanley
22 clients how to open accounts with Raymond James and tout the benefits of Raymond James:
23 "Establishing an elite account is easy. The documents you need to open it are contained in
24 this package. Please note that certain account types may require additional documentation.
25 With the help of your financial advisor simply follow these instructions. . . ." "The Elite
26 Investment Account offers an unmatched combination of the benefits you deserve and the
27 convenience you want . . . investing, financial planning and cash management all in one
28 account: . . ."    As noted above, the solicitation packet included  a Raymond James New

1    Account Form, a Raymond James Elite Investment Account Application, a Raymond James

2    Elite Investment Account authorized signature form, and a Raymond James Client Account

3    Transfer Instruction, the documents necessary to open an account at Raymond James and

4    transfer an account from Morgan Stanley to Raymond James. Furthermore, an inspection

5    of Defendant's former work area reveals that confidential Morgan Stanley client documents

6    are missing from the work area and through his counsel Defendant admits to having taken

7    client records from Morgan Stanley.

8        8.    While employed at Morgan Stanley, Defendant had access to highly sensitive

9    and confidential information which he learned from Morgan Stanley and/or as a result of his

10   employment at Morgan Stanley regarding Morgan Stanley's clients. Morgan Stanley is

11   informed and believes, and on that basis alleges, that Defendant misappropriated such

12   confidential and proprietary information about Morgan Stanley's clientele, in documentary

13   or computer-accessible form, from Morgan Stanley and used such information to solicit

14   business from Morgan Stanley customers on behalf of Raymond James as described above.

15       9.    Defendant's conduct constitutes a misappropriation of trade secrets in

16   violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, et seq.

17   ("UTSA") and unfair competition in violation of the Business and Professions Code §

18   17200, et seq. In addition, his conduct also constitutes an actionable breach of contract and

19   a conversion of Morgan Stanley's property.

20       10.    Upon information and belief, Morgan Stanley alleges that Defendant has

21   copied and converted to his own use proprietary information related to such Morgan Stanley

22   customers.

23       11.    Defendant is providing services at Raymond James similar to the services he

24   provided at Morgan Stanley.

25       12.    Notwithstanding the clear and unequivocal undertakings and Agreement,

26   Defendant violated the Agreement and California law by misappropriating confidential

27   Morgan Stanley client information, and Defendant also violated his Agreement and

28   California law by soliciting Morgan Stanley clients to transfer accounts from Morgan

6

1    Stanley to Raymond James.

2        13.    Defendant unlawfully utilized and continues to utilize Morgan Stanley's

3    customer records. The records were used to solicit customers of Morgan Stanley to transfer

4    their accounts to Raymond James. In doing so, Defendant has deliberately and openly

5    violated the above contractual provisions and the applicable law. As a result of Defendant's

6    actions, Morgan Stanley has and will continue to sustain severe and irreparable injury to its

7    business unless injunctive relief is granted.

8                        **Grounds For Injunctive Relief Pending**

9                            **Expedited Arbitration**

10        14.    Under the NASD Code of Arbitration Procedure, the merits of the dispute

11    between Morgan Stanley and Defendant is subject to binding arbitration before Financial

12    Industry Regulatory Authority ("FINRA") formerly known as the NASD. Pursuant to and

13    in accordance with § 13804 of the NASD Code of Arbitration Procedure, Morgan Stanley

14    will proceed with dispatch with expedited arbitration on its request for permanent injunctive

15    relief in compliance with any schedule set by the Arbitration Panel. In order to resolve this

16    dispute as promptly as possible, Morgan Stanley either already has commenced an

17    arbitration proceeding against Defendant before FINRA, or will do so as promptly as

18    possible after the filing of this action.

19        15.    However, §13804 of the NASD Code of Arbitration Procedure expressly

20    permits applications to a court of competent jurisdiction for provisional injunctive relief

21    pending expedited arbitration on permanent injunctive relief. Morgan Stanley is, for the

22    reasons set forth herein, entitled to such relief to maintain the status quo pending arbitration

23    of the merits of the controversy.

24        16.    As more fully set forth above, Defendant has breached the provisions of his

25    Agreement with Morgan Stanley. Because Defendant has acted in clear and flagrant

26    disregard of his binding contractual obligations to Morgan Stanley, Morgan Stanley is likely

27    to succeed on the merits of its claim against Defendant. In addition, Defendant has taken

28    Morgan Stanley's records, provided them to Raymond James, a Morgan Stanley competitor.

                                    7

1  Horath has used those records to solicit clients to transfer accounts from Morgan Stanley to
2  Raymond James.  Such conduct constitutes conversion of Morgan Stanley's property,
3  violates the California Uniform Trade Secrets Act, is a breach by Defendant of his duty of
4  loyalty to Morgan Stanley, and constitutes unfair competition.  Morgan Stanley is likely to
5  succeed on the merits of those claims as well.

6      17.    Unless Defendant is preliminarily enjoined from the foregoing conduct,
7  Morgan Stanley will be irreparably harmed by (among other things):

8          (a)    Disclosure to Raymond James, a Morgan Stanley competitor, of
9  information regarding Morgan Stanley's clients that Defendant expressly agreed was the sole
10  and exclusive property of Morgan Stanley, that Defendant agreed to maintain as
11  confidential, and that Defendant agreed not to disclose to anyone except in the ordinary
12  course of Morgan Stanley's business;

13          (b)    The loss of the confidentiality of clients' records and financial dealings,
14  with a resulting loss to Morgan Stanley of the confidence and trust of its clients, loss of
15  Morgan Stanley's goodwill, and harm to Morgan Stanley's business reputation;

16          (c)    The loss of Morgan Stanley's express contractual right not to have its
17  clients solicited by Defendant in derogation of the commitments made by Defendant to
18  Morgan Stanley in exchange for the accounts that Morgan Stanley provided to them;

19          (d)    An incalculable amount of future patronage from clients who, due to
20  the Defendant's solicitation in violation of his contract with Morgan Stanley, will instead
21  do business with Raymond James;

22          (e)    The loss of a full and fair opportunity to compete with Defendant for
23  the patronage of clients, in view of Defendant's resignation from Morgan Stanley which was
24  followed shortly thereafter by solicitation of clients serviced at Morgan Stanley; and

25          (f)    Damage to the stability of the office in which Defendant worked, and
26  a threatened future loss of personnel (due to the incentive that would be created for other
27  Morgan Stanley financial advisors to violate their employment agreements with Morgan
28  Stanley if Morgan Stanley's Agreement with Defendant is not enforced).

8

1   In view of these (and other) considerations, Morgan Stanley has no adequate remedy at law.

2       18.    Morgan Stanley is seeking injunctive relief from this Court and will be

3   proceeding to hearing on the merits before a full arbitration panel according to the NASD

4   Arbitration Rules.

5       19.    Indeed, Morgan Stanley and Horath recognized at the time the Agreement was

6   signed that Morgan Stanley would not have an adequate legal remedy for a breach of the

7   provisions of the Horath Agreement. Morgan Stanley and Horath therefore expressly agreed

8   that the covenants set forth in those paragraphs (which are quoted above) would be

9   enforceable by means of an injunction. In that regard, ¶ 5 of the Agreement provides as

10  follows:

11      In the event the Employee breaches any of the promises concerning "Customer

12      Lists and Other Confidential Information" or "Unfair Competition" contained

13      in Sections 3 and 4 of this Agreement, the Employee acknowledges that Dean

14      Witter's remedy at law for damages will be inadequate and that Dean Witter

15      will be entitled to an injunction to prevent the Employee's prospective or

16      continuing breach and to maintain the status quo pending arbitration as

17      provided in Section 8 of this Agreement. . . .

18      20.    A balancing of the equities favors the issuance of an injunction in favor of

19  Morgan Stanley. The injunctive relief that Morgan Stanley requests would do no more than

20  to require Defendant to adhere to the Agreement that he made when he accepted

21  employment with Morgan Stanley, and to refrain from engaging in actionable conduct. The

22  commitments and promises made by Defendant in the Agreement permitted his to receive

23  the accounts and other benefits that Morgan Stanley has provided, which have enabled

24  Defendant to pursue a career in the securities industry.

25      21.    Morgan Stanley does not seek to foreclose Defendant from competing with

26  Morgan Stanley. The Agreement does not restrict Defendant from attempting to obtain the

27  patronage of anyone other than the Morgan Stanley clients whose accounts he serviced, or

28  with whom he became familiar during his employment at Morgan Stanley.

9

COMPLAINT

1    22.    However, Defendant has deliberately chosen to disregard his Agreement with

2    Morgan Stanley, and to engage in other actionable conduct. Defendant decided to

3    misappropriate Morgan Stanley's information and records and to provide the information and

4    records to a Morgan Stanley competitor.  Defendant used those records to solicit the

5    accounts serviced on behalf of Morgan Stanley and whose names he learned at Morgan

6    Stanley. Having employed Defendant in the securities business, it is unjust and inequitable

7    to permit Defendant to benefit from his deliberate disregard of his contractual and legal

8    obligations.

9    23.    In addition, permitting Defendant to profit from his breach of the Agreement

10    would encourage other Morgan Stanley financial advisors, who have signed agreements

11    identical or substantially similar to that signed by Defendant, to violate those agreements

12    with impunity. Such financial advisors would then have an incentive to engage in wholesale

13    solicitation of Morgan Stanley clients in violation of agreements with Morgan Stanley,

14    secure in the knowledge that if they obtain instructions from as many clients as possible, as

15    quickly as possible, to transfer accounts from Morgan Stanley, they also will be able to

16    conduct "business as usual" with those Morgan Stanley clients in derogation of prior

17    contractual commitments.

## Count I

### Breach Of Contract

20    24.    Morgan Stanley repeats, realleges and incorporates by reference ¶¶ 1 through

21    23, inclusive, above, as if set forth in full herein.

22    25.    Horath has violated, and is continuing to violate, the Agreement with Morgan

23    Stanley in the manner described above.

24    26.    As a direct and proximate result of Horath's breach of the Agreement, Morgan

25    Stanley has suffered and will continue to suffer the irreparable harm described above.

## Count II

### Conversion of Morgan Stanley's Property

28    27.    Morgan Stanley repeats, realleges and incorporates by reference ¶¶ 1 through

1   26, inclusive, above, as if set forth in full herein.

2       28.    As a registered securities broker-dealer, Morgan Stanley is required to, and

3   does, maintain detailed and comprehensive records concerning (among other things) its

4   clients, its investment objectives, its financial circumstances, the securities positions and

5   money balances in its accounts, and the transactions effected in Morgan Stanley accounts.

6   In the Agreement, Defendant expressly acknowledged and agreed that such records were the

7   sole and exclusive property of Morgan Stanley.

8       29.    Defendant has exercised unauthorized dominion and control over Morgan

9   Stanley's property (i.e., its business records and information), and has thereby converted

10  Morgan Stanley's property to his own use.  On information and belief, Defendant has,

11  without Morgan Stanley's knowledge or consent, removed records from Morgan Stanley,

12  and has provided them to Raymond James.  Morgan Stanley records have been used to

13  solicit clients to transfer accounts from Morgan Stanley to Raymond James.

14      30.    As a direct and proximate result of Defendant's conversion of Morgan

15  Stanley's property, Morgan Stanley has suffered and will continue to suffer irreparable

16  financial loss, loss of goodwill, and an irreparable loss of the confidentiality of information

17  contained in its records.

## Count III

### Violation Of The California Uniform Trade Secrets Act

20      31.    Morgan Stanley repeats, realleges and incorporates by reference ¶¶ 1 through

21  30, inclusive, above, as completely as if set forth in full herein.

22      32.    The California Uniform Trade Secrets Act prohibits any person from utilizing

23  the trade secrets of another for that person's commercial advantage.  That Act defines trade

24  secrets to include:

25      "[I]nformation, including a formula, pattern, compilation, program, device,

26      method, technique, or process, that:

27      (i) derives independent economic value, actual or potential, from not being

28      generally known to, and not being readily ascertainable by proper means by

11

other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code §§ 3246 et seq.

33.     The information contained in the records of Morgan Stanley that Defendant has misappropriated to his own use constitutes "trade secrets" as defined in the Trade Secrets Act. The information contained in those records is a "compilation" that, as demonstrated by the use made by Defendant of the information contained in Morgan Stanley's records, clearly "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use." If that information did not have such "independent economic value," Defendant would not have had reason to misappropriate Morgan Stanley's records and provide them to Raymond James. Further, if that information did not have such "independent economic value," Horath would not have used them in soliciting clients to transfer accounts from Morgan Stanley to Raymond James. Morgan Stanley employs reasonable efforts to maintain the confidentiality of its records.

34.     The information contained in Morgan Stanley's records constitutes "trade secrets" that are entitled to protection under the California Uniform Trade Secrets Act.

35.     The conduct of Defendant described above constitutes misappropriation of Morgan Stanley's proprietary information and trade secrets in violation of the California Uniform Trade Secrets Act.

36.     As a direct and proximate result of Defendant's violation of the California Uniform Trade Secrets Act, Morgan Stanley has suffered and will continue to suffer irreparable injury and loss.

## Count IV

### Breach Of Duty of Loyalty Owed To Morgan Stanley

37.     Morgan Stanley repeats, realleges and incorporates by reference ¶¶ 1 through 36, inclusive, above, as completely as if set forth in full herein.

38.     At all times during his employment by Morgan Stanley, Defendant owed

12

1 | Morgan Stanley a duty of complete loyalty to Morgan Stanley's interests. At all times during

2 | the course of his employment by Morgan Stanley, Defendant was obligated to act solely and

3 | exclusively in Morgan Stanley's best interests, and was prohibited from acting in a manner

4 | contrary to Morgan Stanley's legitimate business interests.

5 |     39.    On information and belief, Defendant breached his duty of loyalty and

6 | obligations to Morgan Stanley by misappropriating Morgan Stanley's business records and

7 | furnishing those records to Raymond James, a competitor of Morgan Stanley, before

8 | Defendant's resignation from Morgan Stanley; and Defendant arranged for the solicitation

9 | (through the use of the purloined Morgan Stanley records) of the customers whose accounts

10 | he serviced at Morgan Stanley to transfer accounts to Raymond James.

11 |     40.    On information and belief, Defendant also breached his duty of loyalty to

12 | Morgan Stanley by making secret plans with others, while still employed by Morgan Stanley,

13 | to deprive Morgan Stanley of its records, clients, and trade secrets.

14 |     41.    As a direct and proximate result of Defendant's breach of his duties to Morgan

15 | Stanley, Morgan Stanley has suffered and will continue to suffer irreparable injury and

16 | financial losses that are incalculable.

17 | **Count V**

18 | **Unfair Competition**

19 |     42.    Morgan Stanley repeats, realleges and incorporates by reference ¶¶ 1 through

20 | 41, inclusive, above, as completely as if set forth in full herein.

21 |     43.    The conduct of Defendant described above constitutes common law unfair

22 | competition and unfair competition in violation of California Business and Professions Code

23 | §§ 17200 et seq. which prohibits unlawful, unfair or fraudulent business practices.

24 |     44.    As a direct and proximate result of the acts and course of conduct of

25 | Defendant that are described above, Morgan Stanley has suffered and will continue to suffer

26 | irreparable injury and harm that is incalculable.

27 |     WHEREFORE, Morgan Stanley respectfully requests that this Court:

28 |

13

1    A.    Enter a Temporary Restraining Order and/or a Preliminary Injunction Order
2 immediately restraining and enjoining Defendant and all persons acting in concert with his
3 (including, but not limited to any officer, employee, agent or other representative of
4 Raymond James), from directly or indirectly:

5    1.    Soliciting any business from any client or customer whom Defendant
6 served during his employment with Morgan Stanley, or any other customer or client of
7 Morgan Stanley whose name became known to Defendant while in the employ of Morgan
8 Stanley;

9    2.    Contacting for business purposes, whether in person, through others,
10 by telephone or in writing, any client or customer of Morgan Stanley whom Defendant
11 serviced during his employment with Morgan Stanley or whose name became known to
12 Defendant while employed by Morgan Stanley; and

13    3.    Using, disclosing, or transmitting for any purpose (including but not
14 limited to solicitation of said clients), any information contained in the records of Morgan
15 Stanley, including but not limited to the names, addresses, and financial information of said
16 clients or customers.

17    B.    Requiring Defendant to return to Morgan Stanley as promptly as possible all
18 originals, copies or other reproductions, in any form whatsoever, of any record of Morgan
19 Stanley;

20    C.    Requiring Defendant to preserve and make available for immediate inspection
21 by Morgan Stanley or its expert all computer environments used by Defendant (including
22 but not limited to desktop, laptop, and hand-held computers), whether they be utilized at
23 Raymond James, Defendant's residence, or elsewhere;

24    D.    Grant the parties leave to conduct expedited discovery;

25    E.    Award Morgan Stanley all costs and expenses incurred in connection with this
26 action, including (pursuant to the terms of the parties' agreement), its reasonable attorneys
27 fees; and

28    F.    Grant Morgan Stanley such other and further relief as the Court deems to be

14

1   just and equitable.

2

3   Dated: February 27, 2008          ST. JOHN, WALLACE, BRENNAN
                                         & FOLAN LLP

4

5                                 By:_____
                                       Patrick J. Folan (Bar #125340)

6                                 Attorneys for Plaintiff
                                Morgan Stanley & Co. Incorporated

7

8   ..\MS\Horath\Complaint

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

COMPLAINT

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

Morgan Stanley & Co. Incorporated,
a corporation

**ADR**

v.

Frank Horath, an individual

**E-FILING**

### SUMMONS IN A CIVIL CASE

CASE NUMBER:

C08   01209 JW

**RS**

TO: (Name and address of defendant)

FRANK HORATH
Raymond James Financial Services, Inc.
8070 Soquel Drive, Suite 110
Aptos, California  95003


**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Patrick J. Folan (CA State Bar No. 125340)
St. John, Wallace, Brennan & Folan LLP
21515 Hawthorne Blvd., Suite 1120
Torrance, California  90503-6504


an answer to the complaint which is herewith served upon you, within   20     days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


Richard W. Wieking
CLERK

(BY) DEPUTY CLERK
Tiffany Salinas-Harwell

FEB 2 8 2008
DATE

COPY
ORIGINAL

## RETURN OF SERVICE

|  | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |

| Name of SERVER | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐  Served Personally upon the Defendant. Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other *(specify):*

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
　　　　　　　　　*Date*　　　　　　　　　　　　　*Signature of Server*

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　*Address of Server*

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

1 | PATRICK J. FOLAN (STATE BAR #125340)
STEVEN W. BRENNAN (STATE BAR #110256)
2 | ST. JOHN, WALLACE, BRENNAN & FOLAN LLP
21515 Hawthorne Boulevard, Suite 1120
3 | Torrance, California 90503-6504
Telephone: (310) 792-1075
4 | Facsimile: (310) 792-0635
E-mail: pjfolan@swbf.net
5 |
Attorneys for Plaintiff
6 | Morgan Stanley & Co. Incorporated

ORIGINAL
FILED

08 FEB 28 PH 3: 35

RICHARD W. WIEKING

U.S. DISTRICT COURT
NO. DIST. OF CT.

7 |

8 |                   UNITED STATES DISTRICT COURT

9 |            NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

10 |

11 | Morgan Stanley & Co. Incorporated, a
corporation,                              CASE NO. C08 01209
12 |
13 |                    Plaintiff,
                                          MORGAN STANLEY'S
14 |        v.                            CERTIFICATE OF INTERESTED
                                          PERSONS OR ENTITIES
15 | Frank Horath, an individual,
16 |                    Defendant.        Date:  February ___, 2008
                                          Time:  (To be determined)
17 |                                      Ctrm:  (To be determined)

18 |

19 |        Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed

20 | persons, associations of persons, firms, partnerships, corporations (including parent

21 | corporations) or other entities (i) have a financial interest in the subject matter in controversy

22 | or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or

23 | in a party that could be substantially affected by the outcome of this proceeding:

24 |

25 |        1.      Raymond James Financial Services, Inc., entity with which Defendant is

26 |                affiliated and through which Defendant trades securities, financial interest in

27 |

28 |

                                          1

1   not having defendant enjoined.

2

3   Dated:   February 26, 2008          ST. JOHN, WALLACE, BRENNAN
                                        & FOLAN LLP
4

5                                       By:_____
6                                          Patrick J. Folan (Bar #125340)
7                                          Attorneys for Plaintiff
                                           Morgan Stanley & Co. Incorporated
8

9   ...MS\Horath\ex parte appl.tro&osc. Cert.Interested Parties.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN STANLEY'S CERTIFICATE OF INTERESTED PARTIES OR ENTITIES

1
**EDGERTON & WEAVER, LLP**
2  CHAD WEAVER (CA Bar No. 191984)
   2615 Pacific Coast Highway, Suite 300
3  Hermosa Beach, California 90254
   Tel: (310) 937-2066
4  Fax: (310) 937-2064

5  Attorneys for Defendant,
6  Frank Horath

7

8              UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

10                    **C 08    01209**

11  MORGAN STANLEY & CO. Incorporated, a    Case No.
    corporation,
12                                          **STIPULATION RE ENTRY OF**
13              Plaintiff,                  **PRELIMINARY INJUNCTION AND**
                                            **PROPOSED ORDER THEREON**
14       vs.

15  FRANK HORATH, an individual,

16              Defendant.

17

18

19                    **STIPULATION**

20      Plaintiff Morgan Stanley & Co. Incorporated ("Morgan Stanley") and defendant Frank

21  Horath ("Horath" or 'Defendant") hereby stipulate and agree as follows:

22      1.      Horath was permitted to send, and did send, the attached (exhibit 1)

23              announcement to customers of Morgan Stanley whom Horath serviced while

24              employed with Morgan Stanley.

25      2.      The parties further agree to the Court's entry of the following preliminary

26              injunction:

27

28

                                    1
    STIPULATION RE ENTRY OF PRELIMINARY INJUNCTION AND PROPOSED ORDER THEREON

*(margin, left side)*
EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1

2        [PROPOSED] PRELIMINARY INJUNCTION

3        Based on the parties' Stipulation above, **IT IS HEREBY ORDERED AND**

4   **DECREED THAT:**

5        A.     A preliminary injunction shall be issued.  Defendant is hereby enjoined and

6   restrained, directly or indirectly, whether acting alone or in concert with others, including any

7   officer, agent, representative, and/or employee of Raymond James Financial Services, Inc.,

8   from:

9                    1.     Soliciting any business from any client or customer whom Defendant

10                          served during his employment with Morgan Stanley, or any other

11                          customer or client of Morgan Stanley whose name became known to

12                          Defendant while in the employ of Morgan Stanley;

13                   2.     Contacting for business purposes, whether in person, through others, by

14                          telephone or in writing, any client or customer of Morgan Stanley whom

15                          Defendant served during his employment with Morgan Stanley or whose

16                          name became known to Defendant while employed by Morgan Stanley,

17                          unless the client or customer initiated such contact subsequent to

18                          Defendant leaving Morgan Stanley; and

19                   3.     Using, disclosing, or transmitting for any purpose (including but not

20                          limited to the solicitation of said clients or customers), any information

21                          contained in the records of Morgan Stanley, including but not limited to

22                          the names, addresses, and financial information of said clients or

23                          customers, unless such information was obtained from said

24                          clients/customers or from Morgan Stanley subsequent to Defendant

25                          leaving Morgan Stanley.

26       B.     Within 48 hours of entry of this Order by the Court, Defendant is hereby required

27  to return to Morgan Stanley's counsel, Patrick J. Folan, all originals, copies, or other

28  reproductions, in any form whatsoever, of any document or other form of recorded Morgan

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

2

1   Stanley information, and to thereafter purge and destroy any computerized record of Morgan

2   Stanley that is within Defendant's possession, custody or control, except for documents

3   obtained directly from Morgan Stanley or customers/clients of Morgan Stanley subsequent to

4   Defendant leaving Morgan Stanley.

5       C.    Pursuant to §13200 of the FINRA Code of Arbitration Procedure and §3 and 4 of

6   the Federal Arbitration Act, the parties are directed to continue to proceed toward arbitration on

7   the merits of the controversy before a full panel of FINRA arbitrators appointed in accordance

8   with the FIRNA Code of Arbitration Procedure.

9       D.    In view of the nature of the controversy and Morgan Stanley's financial

10  condition, a bond is deemed to be unnecessary.

11      E.    This Order shall remain in full force and effect pending a decision on the merits

12  by the FINRA arbitration panel, or upon stipulation of the parties.

13

14  DATED: February 26, 2008                      ST. JOHN, WALLACE, BRENNAN
                                                  & FOLAN LLP
15

16                                            By: _____

17                                                Steven Brennan (State Bar #110256)
                                                  Attorneys for Plaintiff Morgan Stanley &
18                                                Incorporated

19  DATED: February 26, 2008                      EDGERTON & WEAVER, LLP

20

21                                            By: _____

22                                                Chad Weaver (State Bar #191984)
                                                  Attorneys for Defendant Frank Horath
23

24      IT IS SO ORDERED.

25  Dated: _____          _____

26                                       Hon.
                                         United States District Court Judge
27

28

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

3



1  PATRICK J. FOLAN (STATE BAR #125340)
   STEVEN W. BRENNAN (STATE BAR #110256)
2  ST. JOHN, WALLACE, BRENNAN & FOLAN LLP
   21515 Hawthorne Boulevard, Suite 1120
3  Torrance, California 90503-6102
   Telephone: (310) 792-1075
4  Facsimile:  (310) 792-0635
   E-mail: pjfolan@swbf.net
5
   Attorneys for Plaintiff
6  Morgan Stanley & Co. Incorporated

7

8              UNITED STATES DISTRICT COURT

9     NORTHER DISTRICT OF CALIFORNIA - SAN JOSE

10

11 Morgan Stanley & Co. Incorporated,          CASE NO.  C08  01209 JW
   a corporation,
12
                    Plaintiff,
13                                             PROOF OF SERVICE
        v.
14
   Frank Horath, an individual,
15
                    Defendant.
16
17 _____

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

                         1

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA          )
                                 )  ss.
3   COUNTY OF LOS ANGELES        )

4          I, the undersigned, declare:

5          That I am employed in the County of Los Angeles, State of California. I am over the
6   age of 18 and not a party to the within action; my business address is 21515 Hawthorne
    Boulevard, Suite 1120, Torrance, California 90503-6504.

7          On February 27, 2008, I served the foregoing documents described as:

8          (1)    Civil Cover Sheet;
           (2)    Summons;
9          (3)    Complaint for Breach of Contract; Conversion of Morgan Stanley Property;
                  Violation of the California Uniform Trade Secrets Act; Breach of Duty of
10                Loyalty; and Unfair Competition;
           (4)    Morgan Stanley's Certificate of Interested Persons or Entities;
11         (5)    Stipulation Re Entry of Preliminary Injunction and Proposed Order Thereon.

12  on the interested parties in this action by placing [] the original [✓] a true copy thereof
    enclosed in a sealed envelope addressed as follows:
13

14         Chad Weaver, Esq.
           Edgerton and Weaver, LLP
15         2615 Pacific Coast Hwy., Suite 300
           Hermosa Beach, CA 90254
16

17         []  (By Mail) I caused such envelope to be deposited in the mail at Torrance,
    California. The envelope was mailed with postage fully prepaid. I am "readily familiar"
18  with the firm's practice of collection and processing correspondence for mailing. It is
    deposited with the U.S. Postal Service on that same day in the ordinary course of business.
19  I am aware that on motion of party served, service is presumed invalid if postal cancellation
    date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.
20

21         [✓] **(By Overnight Mail)** By causing said document to be delivered via Federal
    Express to the offices of the addressee.

22         [] (By Personal Service) By causing said documents to be hand-delivered by Signal
    Attorney Service to addressee.
23

24         I declare under penalty of perjury under the laws of the United States of America that
    the above is true and correct.

25         Executed this 27th day of February, 2008, at Torrance, California.

26
                          _Shraddha D Friend_
27                        Shraddha D. Friend

28

2

**Robin Sharkey**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Thursday, February 28, 2008 4:20 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:08-cv-01209-JW Morgan Stanley & Co Incorporated v. Horath Certificate of Service |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users.  To avoid later charges, download a copy of each document during this first viewing.
U.S. District Court
California Northern District

Notice of Electronic Filing
The following transaction was entered  on 2/28/2008 4:19 PM PST and filed on 2/28/2008

Case Name: Morgan Stanley & Co Incorporated v. Horath Case Number: 5:08-cv-1209 https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?200905

Filer: Morgan Stanley & Co Incorporated

Document Number: 3
(No document attached)
Docket Text:
CERTIFICATE OF SERVICE by Morgan Stanley & Co Incorporated re [2] Certificate of Interested Entities, [1] Complaint (cv, COURT STAFF) (Filed on 2/28/2008)

5:08-cv-1209 Notice has been electronically mailed to:
Steven W. Brennan  swbrennan@swbf.net
Patrick J. Folan  pjfolan@swbf.net, rmsharkey@swbf.net


5:08-cv-1209 Notice has been delivered by other means to:

## Robin Sharkey

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Thursday, February 28, 2008 4:17 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:08-cv-01209-JW Morgan Stanley & Co Incorporated v. Horath Certificate of Interested Entities |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users.  To avoid later charges, download a copy of each document during this first viewing.
U.S. District Court
California Northern District

Notice of Electronic Filing
The following transaction was entered  on 2/28/2008 4:17 PM PST and filed on 2/28/2008

Case Name: Morgan Stanley & Co Incorporated v. Horath Case Number: 5:08-cv-1209 https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?200905

Filer: Morgan Stanley & Co Incorporated

Document Number: 2
(No document attached)
Docket Text:
Certificate of Interested Entities by Morgan Stanley & Co Incorporated (cv, COURT STAFF) (Filed on 2/28/2008)
5:08-cv-1209 Notice has been electronically mailed to:
Steven W. Brennan                      swbrennan@swbf.net


Patrick J. Folan                       pjfolan@swbf.net,
rmsharkey@swbf.net


5:08-cv-1209 Notice has been delivered by other means to:

**Robin Sharkey**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Thursday, February 28, 2008 4:19 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:08-cv-01209-JW Morgan Stanley & Co Incorporated v. Horath Proposed Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.
U.S. District Court
California Northern District

Notice of Electronic Filing
The following transaction was entered on 2/28/2008 4:18 PM PST and filed on 2/28/2008

Case Name: Morgan Stanley & Co Incorporated v. Horath Case Number: 5:08-cv-1209 https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?200905

Filer: Morgan Stanley & Co Incorporated

Document Number:
No document attached
Docket Text:
Stipulation and Proposed Order re: preliminary injunction by Morgan Stanley & Co Incorporated. (cv, COURT STAFF) (Filed on 2/28/2008)
5:08-cv-1209 Notice has been electronically mailed to:
Steven W. Brennan                    swbrennan@swbf.net

Patrick J. Folan                    pjfolan@swbf.net,
rmsharkey@swbf.net

5:08-cv-1209 Notice has been delivered by other means to:

## Robin Sharkey

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Thursday, February 28, 2008 4:29 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:08-cv-01209-JW Morgan Stanley & Co Incorporated v. Horath ADR Scheduling Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.
U.S. District Court
California Northern District

Notice of Electronic Filing
The following transaction was entered  on 2/28/2008 4:28 PM PST and filed on 2/28/2008

Case Name: Morgan Stanley & Co Incorporated v. Horath Case Number: 5:08-cv-1209 https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?200905

Filer:

Document Number: 4
Copy the URL address from the line below into the location bar of your Web browser to view the document: Document:
https://ecf.cand.uscourts.gov/doc1/03504359153?magic_num=84639888&de_seq_num=17&caseid=200905

Docket Text:
ADR SCHEDULING ORDER: Case Management Statement due by 8/15/2008.  Case Management Conference set for 8/25/2008 10:00 AM..  Signed by Judge James Ware on 2/28/08.
 (Attachments: # (1) Standing Order)(cv, COURT STAFF) (Filed on 2/28/2008)

5:08-cv-1209 Notice has been electronically mailed to:
Steven W. Brennan                        swbrennan@swbf.net


Patrick J. Folan                         pjfolan@swbf.net,
rmsharkey@swbf.net



5:08-cv-1209 Notice has been delivered by other means to:

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: P:\PROJECT\ASSIGN\pdf\08-01209.pdf

 Electronic document Stamp:
 [STAMP CANDStamp_ID=977336130 [Date=2/28/2008] [FileNumber=4179572-0]
 [0dc0a3133d8039e5f081e2b635921b38ba1356439921ac056c4bd04dffde4fd7113b7f69b3340239e7fb3c632b8ddf7339a6c
4906732218f8044d8b4e8bad603]]

Document description: Standing Order
 Original filename: O:\standing order.PDF  Electronic document Stamp:
 [STAMP CANDStamp_ID=977336130 [Date=2/28/2008] [FileNumber=4179572-1]
 [6a3f3b35a2e4010868ae2ae93e9f45b0587af743637cc229c494197337ac8d7c1fd7ef07ce34f0076d971430499bde2dcede
4cbf2ba6b18091c13e679aa92254]]

**Robin Sharkey**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Thursday, February 28, 2008 4:30 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:08-cv-01209-JW Morgan Stanley & Co Incorporated v. Horath Case Referred to ECF |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users.  To avoid later charges, download a copy of each document during this first viewing.
U.S. District Court
California Northern District

Notice of Electronic Filing
The following transaction was entered  on 2/28/2008 4:29 PM PST and filed on 2/28/2008

Case Name: Morgan Stanley & Co Incorporated v. Horath Case Number: 5:08-cv-1209 https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?200905

Filer:

Document Number:
No document attached
Docket Text:
CASE DESIGNATED for Electronic Filing.  (cv, COURT STAFF) (Filed on 2/28/2008)

5:08-cv-1209 Notice has been electronically mailed to:
Steven W. Brennan                              swbrennan@swbf.net

Patrick J. Folan                               pjfolan@swbf.net,
rmsharkey@swbf.net

5:08-cv-1209 Notice has been delivered by other means to: