

**EDGERTON & WEAVER, LLP**
CHAD WEAVER (CA Bar No. 191984)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, California 90254
Tel: (310) 937-2066
Fax: (310) 937-2064

Attorneys for Defendant,
Frank Horath

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE**

MORGAN STANLEY & CO. Incorporated, a corporation,

Plaintiff,

vs.

FRANK HORATH, an individual,

Defendant.

Case No. 08-1209-JW

**STIPULATION RE ENTRY OF PRELIMINARY INJUNCTION AND PROPOSED ORDER THEREON**

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**STIPULATION**

Plaintiff Morgan Stanley & Co. Incorporated ("Morgan Stanley") and defendant Frank Horath ("Horath" or 'Defendant") hereby stipulate and agree as follows:

1. Horath was permitted to send, and did send, the attached (exhibit 1) announcement to customers of Morgan Stanley whom Horath serviced while employed with Morgan Stanley.

2. The parties further agree to the Court's entry of the following preliminary injunction:

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**[PROPOSED] PRELIMINARY INJUNCTION**

Based on the parties' Stipulation above, **IT IS HEREBY ORDERED AND DECREED THAT:**

A. A preliminary injunction shall be issued. Defendant is hereby enjoined and restrained, directly or indirectly, whether acting alone or in concert with others, including any officer, agent, representative, and/or employee of Raymond James Financial Services, Inc., from:

1. Soliciting any business from any client or customer whom Defendant served during his employment with Morgan Stanley, or any other customer or client of Morgan Stanley whose name became known to Defendant while in the employ of Morgan Stanley;

2. Contacting for business purposes, whether in person, through others, by telephone or in writing, any client or customer of Morgan Stanley whom Defendant served during his employment with Morgan Stanley or whose name became known to Defendant while employed by Morgan Stanley, unless the client or customer initiated such contact subsequent to Defendant leaving Morgan Stanley; and

3. Using, disclosing, or transmitting for any purpose (including but not limited to the solicitation of said clients or customers), any information contained in the records of Morgan Stanley, including but not limited to the names, addresses, and financial information of said clients or customers, unless such information was obtained from said clients/customers or from Morgan Stanley subsequent to Defendant leaving Morgan Stanley.

B. Within 48 hours of entry of this Order by the Court, Defendant is hereby required to return to Morgan Stanley's counsel, Patrick J. Folan, all originals, copies, or other reproductions, in any form whatsoever, of any document or other form of recorded Morgan

Stanley information, and to thereafter purge and destroy any computerized record of Morgan Stanley that is within Defendant's possession, custody or control, except for documents obtained directly from Morgan Stanley or customers/clients of Morgan Stanley subsequent to Defendant leaving Morgan Stanley.

C. Pursuant to §13200 of the FINRA Code of Arbitration Procedure and §3 and 4 of the Federal Arbitration Act, the parties are directed to continue to proceed toward arbitration on the merits of the controversy before a full panel of FINRA arbitrators appointed in accordance with the FIRNA Code of Arbitration Procedure.

D. In view of the nature of the controversy and Morgan Stanley's financial condition, a bond is deemed to be unnecessary.

E. This Order shall remain in full force and effect pending a decision on the merits by the FINRA arbitration panel, or upon stipulation of the parties.

DATED: February, 2008

ST. JOHN, WALLACE, BRENNAN & FOLAN LLP

By:____________________________
Steven Brennan (State Bar #110256)
Attorneys for Plaintiff Morgan Stanley & Incorporated

DATED: February_, 2008

EDGERTON & WEAVER, LLP

By:______________________________
Chad Weaver (State Bar.#191984)
Attorneys for Defendant Frank Horath

**IT IS SO ORDERED.**

Dated:____________________

___________________________________
Hon.
United States District Court Judge

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

Stanley information, and to thereafter purge and destroy any computerized record of Morgan Stanley that is within Defendant's possession, custody or control, except for documents obtained directly from Morgan Stanley or customers/clients of Morgan Stanley subsequent to Defendant leaving Morgan Stanley.

C. Pursuant to §13200 of the FINRA Code of Arbitration Procedure and §3 and 4 of the Federal Arbitration Act, the parties are directed to continue to proceed toward arbitration on the merits of the controversy before a full panel of FINRA arbitrators appointed in accordance with the FIRNA Code of Arbitration Procedure.

D. In view of the nature of the controversy and Morgan Stanley's financial condition, a bond is deemed to be unnecessary.

E. This Order shall remain in full force and effect pending a decision on the merits by the FINRA arbitration panel, or upon stipulation of the parties.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

DATED: February 26, 2008

ST. JOHN, WALLACE, BRENNAN & FOLAN LLP

By: ______________________
Steven Brennan (State Bar #110256)
Attorneys for Plaintiff Morgan Stanley & Incorporated

DATED: February 26, 2008

EDGERTON & WEAVER, LLP

By ______________________
Chad Weaver (State Bar.#191984)
Attorneys for Defendant Frank Horath

***** ORDER *****

The Court DENIES the parties' Stipulation without prejudice. The Court invites the parties to a Case Management Conference to discuss this Stipulation and the future of the case. The parties shall appear for a Case Management Conference on **March 31, 2008 at 10 a.m.**

Dated: March 21, 2008

______________________
JAMES WARE
United States District Judge